UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JOEL M. MILLER,                                                        :
                                                                       :
                                    Plaintiff,                         :
                                                                       :
                -v-                                                    :          25-CV-10110 (JAV)
                                                                       :
                                                                       :                ORDER
KEVIN M. GIBNEY, et al.,                                               :
                                                                       :
                                    Defendants.                        :
                                                                       :
-----------------------------------------------------------------------X

JEANNETTE A. VARGAS, District Judge:

Plaintiff Joel M. Miller ("Plaintiff") brings this action against Defendants Kevin M. Gibney and Kevin M. Gibney and Company LLC ("Defendants"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that he is a citizen of New York. *See* ECF No. 1 ("Complaint") ¶ 1. He alleges that Defendant Kevin M. Gibney and Company LLC (the "Defendant LLC") is a citizen of New Jersey. *See id.* ¶ 2. He also alleges that the managing member of the Defendant LLC, Kevin M. Gibney, is a citizen of New Jersey. *See id.* On February 5, 2026, Defendants filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. ECF No. 9.

It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship

of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). Additionally, a party's citizenship, including the citizenship of LLC members, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Flemming v. Port Auth. of New York & New Jersey*, No. 21-CV-1112 (BMC), 2021 WL 878558, at *1 (E.D.N.Y. Mar. 9, 2021) ("It is not enough to allege, in conclusory fashion, that none of a[n] LLC[] [party's] members are citizens of the same state as [the opposing party]."). In the present case, the Complaint fails to affirmatively plead whether there are any other members of the Defendant LLC or what the citizenship of each member might be.

Additionally, on February 5, 2026, Defendants filed a motion to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. Under Rule 15(a)(1)(B), a plaintiff has twenty-one (21) days after the service of a motion under Rule 12(b) to amend the complaint once as a matter of course.

Accordingly, it is hereby ORDERED that, on or before **March 13, 2026**, the Plaintiff shall amend his Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Defendant LLC as well as the citizenship of all individual parties. Plaintiff's amended complaint should also address any changes Plaintiff wishes to make in light of the pending motion to dismiss. Plaintiff is on notice that there will likely not be any further opportunity to amend the complaint to address issues raised by the motion to dismiss.

Within three (3) weeks after the amended complaint is filed, Defendant shall: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter on ECF stating that it relies on the previously filed motion to dismiss.  If Defendants file an answer or a new motion to dismiss, the Court will deny the previously filed motion to dismiss as moot.  If Defendants file a new motion to dismiss or indicates that they rely on their previously filed motion to dismiss, any opposition shall be filed within fourteen days, and any reply shall be filed within seven days of any opposition.

If, by **March 13, 2026**, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: February 20, 2026
     New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge